UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVESTER HARRINGTON,

     Plaintiff,

vs.

                                 Case No.: 2:11-cv-14076

ARAMARK CORRECTIONAL
SERVICES, LLC,

                                 Hon. Gershwin A. Drain

     Defendant.

_____/

DOUGLAS WEISS (P63601)
Weaver & Young, PC
Attorneys for Plaintiff
32770 Franklin Road
Franklin, MI 48025
(248) 855-1500

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

     NOW COMES the Defendant, ARAMARK CORRECTIONAL SERVICES, LLC ("ARAMARK"), by and through its attorneys, Garan Lucow Miller, P.C., and for its Motion for Summary Judgment, states as follows:

     1.     The above entitled matter involves a claim by the Plaintiff, Calvester Harrington, wherein he alleges that he suffered injuries after he slipped and fell in or

near the Food Services Area while serving a sentence for credit card fraud at the

Oakland County Jail on or around November 29, 2008.  (Plaintiff's Complaint - **Exhibit**

**A,** paragraphs 8, 13) (Deposition of Calvester Harrington, p. 79 – **Exhibit B**).

2.     According to Plaintiff, he was charged with (and eventually pleaded guilty

to) credit card fraud after he and his accomplice/fiancé, Valerie Luckett, attempted to

buy over $7,000 in merchandise from Target in Southfield with "a friend's" credit card

(although Plaintiff testified he could not recall the name of the friend).  (Deposition of

Calvester Harrington, pp. 79-80 – **Exhibit B**).

3.     Plaintiff testified that, during his incarceration, he worked as a trusty in the

kitchen of the Oakland County Jail and was stationed at the dishwasher on November

29, 2008 moving wet food trays from the dishwasher to a drying rack.  Plaintiff claimed

he had been working at the dishwasher for approximately one hour when he slipped on

a combination of food debris and water, falling to the floor and injuring his right knee.

(Deposition of Calvester Harrington, pp. 53-55, 91 – **Exhibit B**).

4.     Plaintiff admitted at his deposition that he would have noticed the food

debris and water on the floor if he had been paying attention.  (Deposition of Calvester

Harrington, pp. 62, 64, 114 – **Exhibit B**).

5.     In fact, Plaintiff admitted at his deposition that the water and food debris

on the floor by the dishwasher was obvious and that no one needed to point it out to

him because he saw it.  (Deposition of Calvester Harrington, pp. 116-18 – **Exhibit B**).

6.     Under Michigan law, a jail inmate is <u>not</u> an invitee.  *Brown v. Genesee*

*County Bd. Of Commissioners*, 464 Mich 430, 439; 628 NW2d 471 (2001).

2

7.     At best, Plaintiff was a licensee while incarcerated at the Oakland County Jail; as a result, **the premises owner** (who was not ARAMARK, but Oakland County) (Professional Services Contract, paragraph 4 - **Exhibit C**) only owed a duty to warn Plaintiff of hidden dangers if the Plaintiff could not reasonably discover the dangers himself.  *Stitt v. Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

8.     Defendant ARAMARK was not the premises owner at any time relevant to this lawsuit; rather, ARAMARK merely performed professional food services pursuant to an agreement with Oakland County.  (Professional Services Contract, paragraph 4 - **Exhibit C**) ("The COUNTY grants to ARAMARK the exclusive right to provide meal service (excluding vending machine operation . . . ) for its inmates at the Oakland County Sheriff's Department located at 1201 North Telegraph Road, Building 10 East, Pontiac, Michigan 48341 (the "FACILITY"), . . . .").

9.     Even assuming, arguendo, that ARAMARK is somehow found to be in exclusive possession of the kitchen area of the jail where Plaintiff alleges he fell and injured himself, however, based upon Plaintiff's own testimony, Plaintiff would have discovered the danger of the water and food debris himself had he been paying attention.  (pp. 62, 64, 114 – **Exhibit B**).

10.     As a result of the foregoing, no duty was breached to the Plaintiff.  *Stitt v. Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

11.     Since there is no genuine issue as to any material fact that Plaintiff could have discovered the food debris and water on the floor had he been paying attention,

3

Defendant ARAMARK is entitled to judgment as a matter of law, even assuming, arguendo, that ARAMARK owed any duty at all to Plaintiff, which it did not, since it merely provided professional food services to the Oakland County Sheriff's Department jail facility where Plaintiff was incarcerated at the time of his alleged slip and fall.

12.     Pursuant to Local Rule 7.1(a), counsel for Defendant ARAMARK sought concurrence in this motion on November 19, 2012, which concurrence was not obtained.

13.     Defendant ARAMARK further relies upon its Brief in Support of this Motion, which is incorporated herein by reference.

WHEREFORE, your Defendant, ARAMARK, respectfully requests that this Honorable Court GRANT its Motion for Summary Judgment and ORDER that Plaintiff's Complaint be DISMISSED, WITH PREJUDICE, together with costs and attorney fees so wrongfully sustained by the Defendant in having to bring this motion.


Date:  December 10, 2012                    s/Mark Shreve_____
                                            MARK SHREVE
                                            Garan Lucow Miller, P.C.
                                            1111 W. Long Lake Rd., Ste. 300
                                            Troy, MI 48098-6333
                                            (248) 641-7600
                                            mshreve@garanlucow.com
                                            (P29149)

669092.1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

CONTROLLING AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

i

## <u>CONTROLLING AUTHORITIES</u>

### <u>Federal Court Rules</u>

Fed. R. Civ. Pro. 56(a)
Fed. R. Civ. Pro. 56(c)
Fed. R. Civ. Pro. 56(e)


### <u>Michigan Cases</u>

*Brown v. Genesee County Bd. Of Commissioners*, 464 Mich 430, 439; 628 NW2d 471 (2001)

*Derbabian v Mariner's Pointe Assoc. Ltd. P'ship*, 249 Mich. App. 695; 644 N.W.2d 779 (2002)

*Stitt v. Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 N.W.2d 88 (2000)

*Teal v Prasad*, 283 Mich. App. 384, 391; 772 N.W.2d 57 (2009)

## <u>INDEX OF AUTHORITIES</u>

### <u>Federal Court Rules</u>

Fed. R. Civ. Pro. 56(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Fed. R. Civ. Pro. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Fed. R. Civ. Pro. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### <u>Michigan Cases</u>

*Brown v. Genesee County Bd. Of Commissioners*, 464 Mich 430, 439; 628 NW2d 471 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Derbabian v Mariner's Pointe Assoc. Ltd. P'ship*, 249 Mich. App. 695; 644 N.W.2d 779 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

*Stitt v. Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 N.W.2d 88 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Teal v Prasad*, 283 Mich. App. 384, 391; 772 N.W.2d 57 (2009) . . . . . . . . . . . . . . . 9

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.     IS ARAMARK ENTITLED TO SUMMARY JUDGMENT AND
       DISMISSAL OF PLAINTIFF'S COMPLAINT SINCE IT WAS
       NEITHER AN OWNER NOR POSSESSOR OF THE FOOD
       SERVICES AREA OF THE OAKLAND COUNTY JAIL
       SUCH THAT IT OWED NO DUTY TO PLAINTIFF?

       DEFENDANT STATES:              YES

       PLAINTIFF WOULD STATE:         NO


2.     IS ARAMARK ENTITLED TO SUMMARY JUDGMENT AND
       DISMISSAL OF PLAINTIFF'S COMPLAINT SINCE, EVEN
       ASSUMING ARGUENDO THAT IT WAS A POSSESSOR
       OF THE FOOD SERVICES AREA OF THE OAKLAND
       COUNTY JAIL, PLAINTIFF WAS, AT BEST, A LICENSEE
       WHILE AN INCARCERATED AND ADMITTED AT HIS
       DEPOSITION THAT HE WOULD HAVE DISCOVERED
       THE DANGER OF FOOD DEBRIS AND WATER ON THE
       FLOOR ON INSPECTION AND ADMITTED THAT NO ONE
       NEEDED TO WARN HIM ABOUT THE DANGER?

       DEFENDANT STATES:              YES

       PLAINTIFF WOULD STATE:         NO

## BRIEF IN SUPPORT

**I.    FACTUAL BACKGROUND**

Plaintiff, Calvester Harrington, pleaded guilty to credit card fraud on November 4, 2008 after he and his accomplice/fiancé, Valerie Luckett, were arrested at Target in Southfield while attempting to use someone else's (a "friend's") credit card to purchase over $7,000 in merchandise.[1]  Plaintiff was sentenced on November 18, 2008 to 183 days in jail as a result and subsequently incarcerated at the Oakland County Jail. (Judgment of Sentence Amended 11/18/2008 – **Exhibit D**).  (Plaintiff soon returned to the Oakland County Jail after he was convicted of unarmed robbery in or around 2009.) Shortly after being incarcerated for the credit card fraud conviction, Plaintiff was assigned by Oakland County (not ARAMARK) to work in the kitchen of the Oakland County Jail unloading food trays as they passed through a dishwashing machine. (Deposition of Calvester Harrington, pp. 51-52 – **Exhibit B**).

Plaintiff was stationed behind the dishwasher where the trays came out and would stand behind the machine, unloading the trays as they came out and stacking them on a shelving system.  (Deposition of Calvester Harrington, pp. 52-53 – **Exhibit B**).  Plaintiff would take approximately two or three steps with the trays between the dishwasher and the shelving unit where the trays were stacked.  (Deposition of

---

[1]Plaintiff admitted at his deposition that he further gave false information to the police when he was arrested in 2008; he gave them his brother's name because he did not want to go to jail.  (Deposition of Calvester Harrington, p. 110 – **Exhibit B**). Plaintiff's accomplice/fiancé, Valerie Luckett, confirmed Plaintiff's obstruction of justice, testifying at her deposition that Plaintiff told the Southfield Police that his name was Kevin Harrington.  (Deposition of Valerie Luckett, p. 52 – **Exhibit H**).

Calvester Harrington, p. 65 – **Exhibit B**) (Photos of area – **Exhibit I**).  After working at the dishwasher for approximately one hour, Plaintiff claims that he slipped and fell, injuring his right knee.[2]  (Deposition of Calvester Harrington, pp. 54-56 – **Exhibit B**).

Although Plaintiff claimed that he did not notice the food debris and water that he slipped on prior to his fall, Plaintiff admitted at his deposition that he would probably have seen it had he been paying attention:

> Q.    So, there was food debris on the floor.  And you testified that if you had been paying attention, you probably would have seen it, correct?
>
> A.    Probably.
>
> Q.    And if you had been paying attention, you would have noticed that there was water on the floor too, correct?
>
> A.    Correct.
>
> *   *   *
>
> Q.    It's obvious to you that there is water there if you're paying attention, correct?
>
> A.    If you're paying attention, yes.
>
> Q.    So, if you're paying attention to where you're walking wearing these rubber boots, walking through the water, it's obvious to you that there is water, correct?
>
> A.    Correct.
>
> Q.    And the water is there to be seen, correct?
>
> A.    If you're paying attention to it, correct.

(Deposition of Calvester Harrington, pp. 62-64 – **Exhibit B**) (emphasis added).

---

[2]Plaintiff's accomplice/fiancé, Valerie Luckett, testified that Plaintiff almost slipped a couple of times due to the water on the floor before he finally did slip and fall on his right knee.  (Deposition of Valerie Luckett, p. 49 – **Exhibit H**).

2

According to Plaintiff, water was coming from the dishwasher in the days before his slip and fall and he admitted that he knew that water and food on the floor could be slippery:[3]

Q.   <u>You said hey, there is food and water on the floor, we need to get rid of that?</u>

A.   <u>Yeah.  And also said it's coming out of the dishwasher.</u>

Q.   <u>And this is before your slip and fall, correct?</u>

A.   <u>Yeah.</u>

Q.   Was it a day before?  Two days before?  Was it the same day?

A.   No, it could have been a couple days, a few days before.

*   *   *

Q.   <u>A couple days before your slip and fall you said hey, look, there is this debris and food on the floor and water?</u>

A.   <u>A few of us said it.  I didn't just say it by myself.</u>

Q.   <u>But you saw it there?</u>

A.   <u>Yeah, we pointed it out, along with other people.  We showed them.  It wasn't like I was a spokesperson amongst the criminals</u> . . .

*   *   *

Q.   <u>And you knew from seeing the water and the food on the floor that that could be slippery, correct?</u>

A.   <u>I think anyone would know that</u> –

_____

[3]Notwithstanding Plaintiff's admission in sworn deposition testimony, he alleges that ARAMARK had a duty to warn in paragraph 10 of his Complaint. (Plaintiff's Complaint - **Exhibit A,** paragraph 10).

3

(Deposition of Calvester Harrington, pp. 118-19 – **Exhibit B**) (emphasis added).

Plaintiff admitted at his deposition that he had six or seven surgeries to his right knee prior to the alleged slip and fall in this case, including knee scopes and ACL repairs.  (Deposition of Calvester Harrington, p. 100 – **Exhibit B**).  In fact, the medical records document Plaintiff's known history of right knee osteoarthritis.[4]  (Discharge Summary Sinai-Grace Hospital – **Exhibit E**).  Plaintiff admitted at his deposition that he sustained a sports injury to his right knee in approximately 1982 or 1983, a work injury to this right knee at Greyhound in 1992 or 1993 and subsequently had a slip and fall at Borman Foods in the '90s where he also re-injured his right knee.  (Deposition of Calvester Harrington, pp. 28-29 – **Exhibit B**).

Despite Plaintiff's claim that he was unable to continue working at the Oakland County Jail kitchen as a result of his alleged slip and fall, the Jail Clinic records include an admission by Plaintiff that he was out exercising within just a few weeks of this alleged incident.  (Inmate Sick Call Request dated December 22, 2008 – **Exhibit F**).  Even Plaintiff's accomplice/fiancé was surprised to learn that Plaintiff was exercising after his alleged slip and fall at the Oakland County Jail.  (Deposition of Valerie Luckett, pp. 63-64 – **Exhibit H**).

---

[4]The medical records further indicate that Plaintiff's right knee replacement was an underline elective surgery Plaintiff chose to undergo at his own discretion.  (Discharge Summary Sinai-Grace Hospital – **Exhibit E**) (Progress Note Sinai-Grace Hospital – **Exhibit G**).

4

## II.   LAW AND ARGUMENT

### A.   Standard of Review

Defendant ARAMARK brings this Motion pursuant to Rule 56(a).  Pursuant to that Rule, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(a).  "A party asserting that a fact . . . is genuinely disputed must support the assertion. . . ."  Fed. R. Civ. Pro. 56(c)(1).  This can be done by, among other things, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers or other materials; . . ."  Fed. R. Civ. Pro. 56(c)(1)(A).  "If a party fails to properly support an assertion of fact . . . the court may: [among other things] . . . grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it. . . ."  Fed. R. Civ. Pro. 56(e).

### B.   ARAMARK Was Neither an Owner Nor a Possessor of The Premises of The Oakland County Jail And Therefore Owed No Duty to Plaintiff

Plaintiff filed the instant lawsuit on or around August 19, 2011, asserting a single count of Negligence against a single defendant: ARAMARK.[5]  (Plaintiff's Complaint - **Exhibit A**).  Plaintiff alleges in his Complaint, among other things, that:

> 8.    On or about November 29, 2008, Defendant had possession and control and/or maintained the Food Services Area located at 1201 Telegraph Road, in the

---

[5]Plaintiff chose not to include Oakland County as a defendant in this action despite its clear ownership and control over the entire Oakland County Jail, including the kitchen, hoping instead to force ARAMARK into paying something on this claim despite its complete lack of legal merit.

City of Pontiac, County of Oakland, State of Michigan.

9.    It was the duty of the Defendant to provide a safe place for invitees such as the Plaintiff and others similarly situated and to exercise due care in the operation and maintenance of said premises so as to prevent injury to its invitees/licensees and others lawfully on the premises.

10.   Defendant had a duty to Plaintiff and others as invitees/licensees, to inspect for dangerous conditions and to warn Plaintiff and others of dangerous conditions of which it knew or should have known.

11.   Defendant had a duty to Plaintiff and others to correct any and all defective conditions on the premises of which they knew, and of which they were told about, and of which they should have known about.

(Plaintiff's Complaint - **Exhibit A,** paragraphs 8-11).

Contrary to Plaintiff's unsupported allegations, however, ARAMARK had none of the duties set forth in paragraphs 9 through 11 of the Complaint and did not have possession or control of the "Food Services Area" as alleged in paragraph 8.  Rather, ARAMARK was merely contracted by Oakland County to provide meal services to inmates at the Oakland County Jail pursuant to the conditions and limitations set forth in a Professional Services Contract:

4.    **SCOPE OF CONTRACT.**  The COUNTY grants to ARAMARK the exclusive right to provide meal services (excluding vending machine operation and the operation of the Commissary) for its inmates at the Oakland County Sheriff's Department located at 1201 North Telegraph Road, Building 10 East, Pontiac, Michigan 48341 (the "FACILITY"), and its satellites, including but not limited to the Main Jail, . . . . ARAMARK agrees to furnish nutritious, wholesome, and palatable food to such inmates, staff and visitors in accordance with this Agreement.

(Professional Services Contract, paragraph 4, page 1 **Exhibit C**) (emphasis added).

6

Further, as set forth in the Professional Services Contract, Oakland County remained in control of, and responsible for, the facilities and equipment at the Oakland County Jail kitchen (therefore, ARAMARK had no duty as alleged in paragraph 9 of Plaintiff's Complaint):[6]

### 7.   OPERATIONAL RESPONSIBILITIES
#### 7.1 FACILITIES AND EQUIPMENT

**7.1.1.**  The COUNTY shall at its expense provide ARAMARK with adequate kitchen preparation facilities at the FACILITY completely equipped and ready to operate as described in the Request for Proposal, together with such heat, refrigeration and utilities services as may be reasonably required for the efficient performance of the Agreement.  The COUNTY shall furnish and maintain an adequate inventory of serviceware, thermal trays and carts delivery, pots, pans, beverage containers and utensils at the FACILITY.

**7.1.2.**  The COUNTY shall furnish building maintenance services for the FACILITY and shall provide preventative maintenance, equipment repairs and replacements for COUNTY owned equipment.  ARAMARK shall immediately notify the COUNTY Sheriff or his designee when COUNTY owned equipment is in need of repair or replacement.

(Professional Services Contract, pp. 2-3, **Exhibit C**) (emphasis added).

Further, Oakland County was responsible for maintaining kitchen equipment and

--------

[6]Pursuant to an Amendment and Change Order dated April 8, 2002, ARAMARK was to purchase, among other things, a "Traywasher w/dryer" and was allowed to depreciate the equipment over 36 months after which time the equipment would be deemed owned by Oakland County.  (Professional Services Contract, Amendment and Change Order dated April 8, 2002, paragraph 3, **Exhibit C**).  Oakland County remained "responsible for all costs associated with preventative maintenance and repairs of such equipment as provided in Section 7.1.2 and 7.1.3 or the Original Agreement." (Professional Services Contract, Amendment and Change Order dated April 8, 2002, paragraph 3, **Exhibit C**).

appliances, extermination services, and removal of trash from the food service area

(therefore, ARAMARK had no duty as alleged in paragraph 11 of Plaintiff's Complaint

as Oakland County retained control over maintaining the kitchen pursuant to the

contractual relationship with ARAMARK):

> 7.5.2.  <u>The COUNTY shall be responsible for providing</u>
> <u>maintenance supplies and for maintaining kitchen</u>
> <u>appliances and equipment.</u>

*   *   *

> 7.6.2.  The COUNTY shall provide janitorial services outside
> the kitchen facilities provided to ARAMARK.  The COUNTY
> shall clean the vents and ductwork leading to the roof from
> food preparation areas.  <u>The COUNTY shall be responsible</u>
> <u>for extermination services and the removal of trash and</u>
> <u>garage [sic] from the designated food service area</u>.

(Professional Services Contract, p. 4, **Exhibit C**) (emphasis added).

Oakland County also retained control over the personnel (inmate workers) who

would be assigned to the kitchen in accordance with the Professional Services

Contract:

> 7.7.2.  <u>The COUNTY shall provide inmate workers at the</u>
> <u>FACILITY kitchen</u>.  The number of inmates required shall be
> determined by the COUNTY Sheriff or his designee and
> ARAMARK's district manager prior to the commencement of
> operations.  Such inmates shall be assigned duties in the
> food service operation that may include sanitation, food
> preparation and production, and storeroom functions.

(Professional Services Contract, p. 4, **Exhibit C**) (emphasis added).

"'[P]remises liability is conditioned upon the presence of both possession and

control over the land' because the person having such possession and control is

8

'normally best able to prevent . . . harm to others.'" *Derbabian v Mariner's Pointe Assoc. Ltd. P'ship*, 249 Mich. App. 695, 705; 644 N.W.2d 779 (2002) (quotation omitted).  In a premises case, as in any negligence action, the plaintiff bears the burden of proving the essential elements of his case.  *See, e.g., Teal v Prasad*, 283 Mich. App. 384, 391; 772 N.W.2d 57 (2009) (setting forth a plaintiff's burden of proof in a medical malpractice action).  Plaintiff's failure to prove any one of the essential elements proves fatal to his case.  *See id.*

In order to be liable under premises liability, a plaintiff must prove that the defendant was a "possessor" of the property at issue.  *Derbabian*, 249 Mich. App. at 702.  The Michigan Supreme Court defined a "possessor" for premises liability purposes as:

> "(a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)."

*Derbabian*, 249 Mich. App. at 702 (quotation omitted).

In *Derbabian*, the Michigan Court of Appeals found that a snow removal contractor owed no duty to a pedestrian who had slipped and fallen in an icy parking lot since the contractor was not a possessor of the parking lot at the time of the

9

pedestrian's fall. *Derbabian*, 249 Mich. App. at 705-06. In reaching this conclusion, the court looked to the definition of "possession" as set forth in *Black's Law Dictionary* (7th ed.), which "defines 'possession,' in this context, as "[t]he right under which one may exercise control over something to the *exclusion of all others.*'" *Derbabian*, 249 Mich. App. at 703. The *Derbabian* court noted that the Michigan Supreme Court has "stated that 'possession for purposes of premises liability does not turn on a theoretical or impending right of possession, but instead depends on the *actual exercise of dominion and control over the property.*'" *Derbabian*, 249 Mich. App. at 704 (citation omitted). In *Derbabian*, the court noted that there was "no indication that defendant ever controlled the parking lot to the exclusion of all others[,]" but rather was hired to salt and plow in order to allow others to access the parking lot. *Derbabian*, 249 Mich. App. at 703.

In this case, as in *Derbabian*, ARAMARK never controlled the kitchen at the Oakland County Jail to the exclusion of all others. In fact, the kitchen is part of the jail facility, where inmates work as trustys under the careful supervision and control of deputies from the Oakland County Sheriff's Department. ARAMARK was merely contracted by Oakland County to provide meal services to inmates at the Oakland County Jail. (Professional Services Contract, paragraph 4, page 1 **Exhibit C**). Oakland County remained in control of, and responsible for, the facilities and equipment at the Oakland County Jail kitchen. (Professional Services Contract, pp. 2-3, **Exhibit C**). Further, Oakland County was responsible for maintaining kitchen equipment and appliances, extermination services, and removal of trash from the food service area. (Professional Services Contract, p. 4, **Exhibit C**). Finally, Oakland County also

10

retained control over the personnel (inmate workers) who would be assigned to the

kitchen.  (Professional Services Contract, p. 4, **Exhibit C**).  Here, as in *Derbabian*, there

is no indication that ARAMARK "ever controlled the [Oakland County Jail kitchen] to the

exclusion of all others" as is required to find that a party is in possession for purposes of

premises liability.  *Derbabian*, 249 Mich. App. at 703.  As a result, ARAMARK cannot

be considered a possessor for purposes of premises liability and, therefore, is entitled

to summary judgment in this case.

> **C.**   **Even Assuming, Arguendo, That ARAMARK is a Possessor, it is Still
> Entitled to Summary Judgment as Plaintiff Was a Licensee, at Best,
> and Admitted he Would Have Discovered the Danger on Inspection**

Under Michigan law, a jail inmate is not an invitee.  *See Brown v. Genesee*

*County Bd. Of Commissioners*, 464 Mich 430, 439; 628 NW2d 471 (2001) (holding that

an inmate at a county jail is not a member of the "public" such as would allow an inmate

to recover for injuries suffered pursuant to the public building exception to governmental

immunity).  "Unlike a person who enters a jail, e.g., to meet with an inmate, make a

delivery, or apply for a job, an inmate does not visit a jail as a potential invitee.  Instead,

inmates are *legally compelled* to be there."  *Id.*

"Historically, Michigan has recognized three common-law categories for persons

who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3)

invitee."  *Stitt v. Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 N.W.2d 88

(2000).  In this case, Plaintiff was, at best, a licensee as he was allowed to enter the

Oakland County Jail by consent of the county.  "A 'licensee' is a person who is

privileged to enter the land of another by virtue of the possessor's consent."  *Id.*

11

Pursuant to well-established Michigan law, "[a] landowner owes a licensee a duty <u>only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved</u>." *Id.* (emphasis added). "The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit." *Id.*

Plaintiff's accomplice/fiancé, Valerie Luckett, testified at her deposition that Plaintiff almost slipped a couple of times due to the water on the floor before he finally did slip and fall on his right knee:

> Q.   Did [Plaintiff] ever tell you the circumstances of the slip and fall that he's claiming in this case?
>
> A.   Yes.
>
> Q.   What did he tell you?
>
> A.   <u>He told me he was - - he was in the dish - - they had him in the kitchen and he was doing the dishes. And it was a lot of water on the floor. And he kept asking somebody, or mentioned it to the people that were over them, that they have a lot of water on the floor and a couple times he almost slipped. And finally he did slip and fell on his knee.</u>
>
> Q.   He told you that he had slipped a couple of times before he fell?
>
> A.   He almost slipped. And finally he fell on his knee, he slipped and fell on his knee.

(Deposition of Valerie Luckett, p. 49 – **Exhibit H**) (emphasis added).

More importantly, ARAMARK owed no duty to Plaintiff as (1) any alleged danger from food debris and water on the floor was not hidden, it was obvious and (2) Plaintiff had reason to know of the alleged danger involved as he admitted that he would have noticed the water and food debris on the floor had he been paying attention (and, in

fact, also testified that he not only knew it was there, but informed the County and did

not need to be warned about it in the days prior to his alleged slip and fall).  (Deposition

of Calvester Harrington, pp. 62-64, 114, 118-19 – **Exhibit B**).  Plaintiff testified at his

deposition that no one had to tell him to watch out for food debris and water on the floor

because it was obvious (not hidden):

> Q.    Okay.  That answers my question. You've never
> asked [ARAMARK] to fix anything?
>
> A.    I've only brought up problems.  That's it.
>
> Q.    When you say problems, you're talking about before
> your slip and fall?
>
> A.    Yeah.
>
> Q.    Did you tell them, before your slip and fall, hey, there
> is water and food debris on the floor by the
> dishwasher?
>
> A.    Well, it's evident.  You have to see it.
>
> Q.    It's obvious on the floor?
>
> A.    It's obvious.
>
> Q.    Did you point it out to them?
>
> A.    No.  And they never said be careful of it either.
>
> Q.    They didn't have to tell you to watch out for it because
> you saw it, right?
>
> A.    Right.

(Deposition of Calvester Harrington, p. 116 – **Exhibit B**) (emphasis added).

Based upon Plaintiff's own testimony at his deposition, ARAMARK owed no duty

to Plaintiff to point out the obvious: Plaintiff knew there was water and food debris on

the floor in the kitchen area where he was working for an hour before his alleged slip

and fall.  Plaintiff's deposition testimony alone demonstrates that ARAMARK is entitled

to summary judgment as a matter of law.

## III.   RELIEF REQUESTED

Defendant, ARAMARK, respectfully requests that this Honorable Court GRANT its Motion for Summary Judgment and ORDER that Plaintiff's Complaint be DISMISSED, WITH PREJUDICE, together with costs and attorney fees so wrongfully sustained by the Defendant in having to bring this motion.

Date:  December 10, 2012

s/Mark Shreve_____
MARK SHREVE
Garan Lucow Miller, P.C.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
mshreve@garanlucow.com
(P29149)

### CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:    All ECF Attorney(s) of Record on this case.

s/Mark Shreve_____
MARK SHREVE
Garan Lucow Miller, P.C.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
mshreve@garanlucow.com
(P29149)

669092.1

14

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CALVESTER HARRINGTON,

     Plaintiff,

vs.                           Case No.: 2:11-cv-14076

ARAMARK CORRECTIONAL
SERVICES, LLC,                    Hon. Victoria A. Roberts

     Defendant.

_____/

DOUGLAS WEISS (P63601)
Weaver & Young, PC
Attorneys for Plaintiff
32770 Franklin Road
Franklin, MI 48025
(248) 855-1500

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

_____/


## NOTICE OF COMPLIANCE WITH LOCAL RULE 7.1

Please note that on November 19, 2012, pursuant to Local Rule 7.1, the

15

undersigned sought concurrence of Plaintiff's counsel on all or any part of said motion, necessitating this Motion.

Date:  December 10, 2012                          s/Mark Shreve_____

                                                 MARK SHREVE

                                                 Garan Lucow Miller, P.C.

                                                 1111 W. Long Lake Rd., Ste. 300

                                                 Troy, MI 48098-6333

                                                 (248) 641-7600

                                                 mshreve@garanlucow.com

                                                 (P29149)

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


CALVESTER HARRINGTON,

     Plaintiff,

vs.                                    Case No.: 2:11-cv-14076

ARAMARK CORRECTIONAL

SERVICES, LLC,                       Hon. Victoria A. Roberts

     Defendant.

_____/

DOUGLAS WEISS (P63601)

Weaver & Young, PC

Attorneys for Plaintiff

32770 Franklin Road

Franklin, MI 48025

(248) 855-1500


MARK SHREVE (P29149)

Garan Lucow Miller, P.C.

Attorney for Defendant

1111 W. Long Lake Rd., Ste. 300

Troy, MI 48098-6333

(248) 641-7600

_____/

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the attached Defendant's Motion for Summary Judgment in the above-captioned matter will be brought on for hearing before this Court

17

at a date and time to be set by the Court.

Date:  December 10, 2012

s/Mark Shreve _____
MARK SHREVE
Garan Lucow Miller, P.C.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
mshreve@garanlucow.com
(P29149)

669092.1

18